[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15461
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00093-CR-ORL-28JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HUMBERTO ARJON-SANDOVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(September 2, 2005)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Luis Humberto Arjon-Sandoval appeals his sentence for conspiracy to possess with intent to distribute 100 kilograms or more but less than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846. Arjon-Sandoval asserts that, in light of *Blakely v. Washington*, 124 S. Ct. 2531, and *United States v. Booker*, 125 S. Ct. 738 (2005), the district court erred in determining at sentencing the quantity of drugs involved in the offense was greater than the quantity the jury had indicated on a special verdict form. We affirm the district court.

## I. BACKGROUND

The jury was given a special verdict form concerning the drug quantity that contained the following options: (a) 1,000 kilograms or more; (b) 100 kilograms or more but less than 1,000 kilograms; and (c) less than 100 kilograms. The jurors selected choice (b), finding the conspiracy involved 100 kilograms or more but less than 1,000 kilograms of marijuana. However, at sentencing, the district court determined Arjon-Sandoval was responsible for 1,496 kilograms of marijuana.

## II. DISCUSSION

Because Arjon-Sandoval raised a *Blakely* objection before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based

upon sentencing enhancements imposed under a mandatory Guidelines system neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

A.    *Constitutional Error*

The district court committed *Booker* constitutional error by enhancing Arjon-Sandoval's sentence under a mandatory Guidelines system based on facts not found by the jury. *See United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir.), *cert. denied*, 73 U.S.L.W. 3730 (2005). This error "must be disregarded as not affecting substantial rights if the error is harmless beyond a reasonable doubt. This standard is only met where it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." *Paz*, 405 F.3d at 948 (punctuation omitted). The Government has the burden of showing the error did not affect the defendant's substantial rights. *Id.*

The Government has met its burden. At sentencing the court stated:

[T]he reason[s] for imposing the selected sentence are as follows: The court has considered the nature and circumstances of the offense as well as the history and characteristics of the defendant. And elaborating on that, this was a relatively sophisticated and large operation designed to bring controlled substances into this country

and the court acknowledges that the defendant has a record that places him in category one. To the best of the court's understanding he has no prior criminal record. Furthermore, the court believes that the sentence imposed reflects the seriousness of the offense involving importation of a large amount of controlled substances. Also, the court has considered the seriousness of the offense, the necessity to protect the integrity of the law and promote respect for the law and considers this punishment just. The court has considered other options and the need to protect the public from such conduct in the future. The court believes that this sentence to be an appropriate deterrence to further crimes of this nature.

The district court's statement shows it considered many of the 18 U.S.C. § 3553(a) factors,[1] which is a requirement post-*Booker*. *See Booker*, 125 S. Ct. at 757. In addition, Arjon-Sandoval's Guideline range was 121 to 151 months' imprisonment, and the district court rejected Arjon-Sandoval's request for a sentence at the bottom of the range, instead imposing a sentence of 130 months' imprisonment. The district court's consideration of the § 3553 factors, combined

---

[1] 18 U.S.C. § 3553(a) provides, in pertinent part, that the court, in determining the particular sentence to be imposed shall consider–
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant . . .
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

with its rejection of Arjon-Sandoval's request for a bottom of the Guidelines sentence, convince us that it is clear beyond a reasonable doubt the error did not affect the sentence obtained.  *See Paz*, 405 F.3d at 948.

B.     *Statutory Error*

Even in the absence of constitutional error, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system.  *Shelton*, 400 F.3d at 1330–31.  The district court sentenced Arjon-Sandoval under a mandatory Guidelines system, thus statutory error exists.  *See id.*  "*Booker* statutory errors . . . are subject to the less demanding test that is applicable to non-constitutional errors."  *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005).  "A non-constitutional error is harmless if, viewing all the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but a very slight effect.  If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error."  *Id.*  (internal quotation marks and brackets omitted).  Because the Government has met the higher burden of showing the constitutional error was harmless beyond a reasonable doubt, it has also met the lesser burden of showing the statutory error was harmless.

## III. CONCLUSION

Although the district court erred in enhancing Arjon-Sandoval's sentence under a mandatory Guidelines system based on facts not found by the jury and in sentencing him under a mandatory Guidelines scheme, the Government has met its burden of showing these errors were harmless.

AFFIRMED.